THOMAS F. MORGAN, Respondent, *v.* THE HUDSON RIVER ORE AND IRON COMPANY, Appellant.

The failure of a master to adopt rules as to precaution to be observed by his employes, is not proof of negligence rendering him liable to a servant unless it appears from the nature of the business in which the servant is engaged that the master, in the exercise of reasonable care, should have foreseen the necessity of such precautions.

(Argued May 6, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 11, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries sustained by plaintiff through the alleged negligence of defendant.

The following is the opinion in full:

"The plaintiff, a servant in the defendant's employment, was injured while in the performance of his ordinary duties.

On the trial the defendant's counsel requested the court to charge the jury as follows:

" (1) That the defendant was not guilty of any negligence in not providing a safe and suitable place for the plaintiff to work.

" (2) That the defendant was not guilty of any negligence in providing the plaintiff with suitable, safe and proper tools for performing his work.

" (3) That the defendant was not negligent in the employment of incompetent co-servants whose acts and omissions caused or contributed to plaintiff's injury.

" (4) That the defendant was not negligent in failing to station a suitable person at and along the track where plaintiff was at work, charged with the duty of looking out for his safety. The court was about to refuse some or all of these requests when the plaintiff's counsel assented to the correctness of the propositions, and joined with the counsel for the defendant in the requests, which were then given to the jury. This left but one ground upon which liability on the part of the defendant could be predicated, and that was its alleged omission to ' provide and promulgate rules and regulations for the guidance and government of the men engaged in and about the dangerous work aforesaid.' The court was requested, in behalf of the defendant, to rule and instruct the jury that there was no proof of negligence in this respect on the part of the defendant, which request was refused and defendant excepted. The court, under the objection and exception of the defendant's counsel, submitted the question to the jury, and there was a verdict for the plaintiff, which the General Term affirmed. As the only question to be considered is whether there was any evidence of negligence in omitting to promulgate rules to submit to the jury, it is necessary to recall the facts as they were proven at the trial. The defendant had ten kilns for roasting ore, each about twenty-five feet in diameter, standing in a row about ten feet apart, and numbered from one to ten. They stand on a slight decline, number one being the highest. A narrow gauge railroad track runs along by the side of the kilns, and within a few inches of them, upon which cars loaded with the ore are moved by horse-power, and

in that way taken to the point of shipment, some five hundred feet distant. At that part of the track by the kilns the cars usually run down by their own weight, though sometimes drawn by a horse. Beyond kiln number ten they are drawn by an engine. In loading the cars from the kilns the ore sometimes falls on the tracks and obstructs the movement of the wheels, and must be removed. There are shovels, rakes and pick-axes there with which the workmen remove the ore that has fallen on the track. On the day of the accident plaintiff was at work loading a car from kiln number three. The ore ran over the car on the side next the kiln, so that it blocked the wheels about a foot and a half from the track. It fell in front of the wheels on each side of the car, and it had to be removed before the car could be started. The car was also blocked by a piece of wood to keep it from moving down the decline. The plaintiff, after filling the car, commenced to remove the ore under and in front of the wheels with a rake ; then he crawled under the car and lay down, and was engaged in cleaning out the ore, not removed by the rake, with his hands when the accident happened. There was another loaded car just behind the plaintiff in front of kiln number two, and two other workmen were there at work. The plaintiff spoke to them and told them to look out for his safety, when he was cleaning out the car, not to move the car or let it run down on him until he got through. They said they would, but while the plaintiff was at work under his car the car above was in some way started, and pushed the car under which the plaintiff was at work, and his fingers were caught under the wheel and crushed. It seems that the wooden blocks under the wheels of both cars had been removed by some one, but by whom does not appear. There was evidence that the defendant's superintendent had given oral instructions that the men, in removing the ore from the track, should use and had directed them to use the rakes. The foreman also says that he instructed the men to use the shovel or to put their backs to the car and force it through and over the accumulated ore, which could be done. It is evident that the injury is attributed to only two circumstances or causes. First, the presence of the plaintiff under the car in the position that

he was when the injury was inflicted, and secondly, the removal of the blocks from the car behind him.  When the plaintiff went under the car to pick out ore that obstructed the movement of the wheels he voluntarily subjected himself to an unnecessary risk, and the unexpected movement of the loaded car behind or above, if not due to the negligence of the men in charge, could not, upon the evidence, be attributed to any want of reasonable care on the part of the defendant.  It must have resulted from a failure on the part of the plaintiff's fellow-workmen to properly block it or from some carelessness on their part, or some improper act on the part of some outsider, in removing the blocking while the plaintiff was under the other car.  In either event the defendant could not be held liable for the resulting injury.  The recovery was based entirely on the absence of rules.  It was not suggested at the trial, nor is it on this appeal what particular rule the defendant could have adopted that would have been likely to prevent the accident.  No evidence was given that any rule is in use in business of a similar character by other corporations of the same class carrying on like operations, nor was there any evidence by experts or other witnesses to show that any rule was necessary or practicable in such cases.  It was left to the jury to say whether or not it was a case for rules, and if so, what particular rule should have been adopted.  We know nothing with respect to the views entertained by the jury on these questions, except so far as they are indicated by their verdict for the plaintiff.  It is not probable that they concluded that any definite rule should have been promulgated, but were content to hold that as the plaintiff was injured the defendant ought in some way to have prevented it, or in case it did not, respond to him in damages.  Almost every conceivable injury that a servant receives in the course of his employment may in this way be submitted to a jury, and with the same result. The plaintiff was one of several workmen engaged in loading cars with ore, and moving them on a track a few hundred feet in length.  They were not moved by engines, but by the strength of the men themselves and sometimes by the use of a horse.  There was nothing in the nature of the business that made it necessary for the defendant to make and publish rules.

The business had been conducted in the same way for years before and no accident had happened and none could reasonably be apprehended or anticipated. Even if it could be shown, after the accident occurred, that it might have been prevented by adopting and enforcing some suitable rule, that would constitute no proper test of liability. The failure to adopt rules is not proof of negligence, unless it appears from the nature of the business in which the servant is engaged that the master, in the exercise of reasonable care, should have foreseen and anticipated the necessity of such precautions. It appears that the defendant has general rules for the government of its employes in its general business of mining and marketing ore, but that none of these rules applied to the operations at the kilns where this accident occurred. The work which was performed on this track and in and about these ten kilns must be considered separate from the defendant's general business, and thus considered, it is difficult to suggest any reasonable precaution that would have saved the plaintiff from the injury. The cases in which the master by omitting to provide proper rules subjects himself to the imputation of negligence are thus stated in a work of authority : ' If a master is engaged in a complex business, that requires definite regulations for the safety and protection of his employes, a failure to adopt proper rules as well as laxity in their enforcement, is negligence *per se*, and the establishment of defective or improper rules is such negligence as renders the master responsible for all injuries resulting therefrom.' (Wood's Law of Master and Servant, 794, § 403.)

" Within the principle here stated and upon the authority of several recent cases, the court was not warranted in submitting the case to the jury. (*Berrigan* v. *N. Y., L. E. & W. R. R.*, 131 N. Y. 582; *Corcoran* v. *D., L. & W. R. R. Co.*, 126 id. 673; *Larow* v. *N. Y., L. E. & W. R. R. Co.*, 61 Hun, 11.)

" The judgment should be reversed and a new trial granted, costs to abide the event."

*Frank E. Smith* for appellant.

*Levi F. Longley* for respondent.

O'Brien, J., reads for reversal.
All concur.
Judgment reversed. _____