JAMES E. CORCORAN, Respondent, v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

*Negligence — railroad yardman struck by freight cars "kicked" upon the tracks — liability of the railroad company for a failure to make proper rules for the movement of its cars, not for the neglect of an employee to give warning.*

A yardman, engaged in sweeping snow from railroad tracks in the yard, who is struck by freight cars "kicked" by an engine engaged in distributing them in the yard, is not entitled to recover for his injuries against the railroad company because a brakeman on the cars has failed to give him proper warning of their approach.

In such a case the liability of the railroad company, if any, would arise from its
failure to promulgate proper rules for the conduct of the movement of its cars
and its failure to direct that proper warnings be given, and not from the failure
of a co-employee of the plaintiff to give such warning.

APPEAL by the defendant, The New York, New Haven and
Hartford Railroad Company, from a judgment of the Supreme
Court in favor of the plaintiff, entered in the office of the clerk of
the county of Dutchess on the 26th day of June, 1899, upon the
verdict of a jury for $1,800, with notice of an intention to bring
up for review upon such appeal an order bearing date the 20th day
of June, 1899, denying the defendant's motion for a new trial made
upon the minutes.

*Walter C. Anthony,* for the appellant.

*Graham Witschief,* for the respondent.

CULLEN, J.:

The action is for personal injuries. The plaintiff was a yardman
in the defendant's employ, and while occupied in sweeping snow
from the tracks in its yard was struck by two freight cars which had
been "kicked" by the engine engaged in the distribution of the
cars in the yard. The plaintiff testified that he was keeping a
sharp lookout for the movement of the cars, and that these two cars
came down on him without warning. The brakeman on the cars
testified that he called to the plaintiff as the cars approached, so as
to warn him of that fact, and similar evidence was given by another
yardman. A train was moving at the time on another track, making
a noise which may have prevented the plaintiff from hearing the
warning given. This is substantially the whole evidence in the case.
The defendant's motion for a nonsuit was denied. The learned
trial court instructed the jury that it was the duty of the defendant
to give the plaintiff proper warning of the approach of the cars,
and that if no such warning was given the defendant was liable.

It is, doubtless, true that it was the duty of the defendant to
carry on its business, so far as practicable, with due regard to the
safety of its employees. It may be that it should have provided
that warning of the approach of the cars be given to the yardman,
though we are inclined to believe that this latter is rather a question

of fact than of law; but the defendant was not liable to the plaintiff for the negligence of the engineer or brakeman, who were the plaintiff's fellow-servants. The fault of the defendant, if any, in this case, would arise from its failure to promulgate proper rules for the management and conduct of the movement of cars, and its failure to direct that proper warnings be given. This was the duty it owed to the plaintiff, and for failure to discharge it the defendant would be liable; but the plaintiff assumed, as a risk of his employment, the negligence of his co-servants. The trouble in this case is that there is not a particle of evidence to show that the defendant was wanting on its part in the respects indicated; and on the record before us the negligence, if such there was, was solely that of fellow-servants. The learned counsel for the respondent relies largely on the case of *Ford* v. *The Lake Shore, etc., R. Co.* (124 N. Y. 493). The very clear opinion written by Judge BROWN reveals the exact defect in this plaintiff's case. There the plaintiff, a switchman, was injured by a stick of timber falling from a passing car. On the first trial (117 N. Y. 638) it was held that the accident was due to the negligence of the fellow-servants who loaded the car, and the judgment for the plaintiff was reversed. On the second trial evidence was given tending to show that the railroad company had not made adequate or sufficient rules as to the manner in which cars should be loaded with timber. Judge BROWN's opinion for affirmance proceeds on the ground that the defendant was liable, not for the mere carelessness of the trainmen in loading the timber, but for a failure to establish proper rules for the conduct of the work.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred, except BARTLETT, J., absent.

Judgment and order reversed and new trial granted, costs to abide the event.