(58 App. Div. 606.)
### CORCORAN v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department.    March 8, 1901.)

1. MASTER AND SERVANT—REGULATIONS FOR PROTECTION OF EMPLOYE—INSTRUC-
    TIONS.
    Plaintiff, defendant's section hand, was run over and injured by cars which were being "kicked" about defendant's railroad yards. Defendant had no rules for the management of the yard as to the conduct of section hands. Plaintiff's witnesses testified that it was impracticable, by any system of signaling, to warn yard employés of danger, which would not be more confusing than placing a man on the cars which were being kicked, the method commonly in use. *Held* error to refuse an instruction that the jury are not authorized to find a rule proper for the management of the yard in question, unless the proof showed that such rule was in force on some other road, or that it was practicable and reasonable to provide against accident by such a rule, or unless the necessity of that rule were a matter of common knowledge.

2. SAME—QUESTION FOR JURY.
    The question whether defendant ought to have promulgated rules for the government of its employés, which would have given the plaintiff more effective notice of danger than he received at the time of the accident, is not one for the jury, in the absence of evidence showing the necessity of such a rule.

3. SAME—EVIDENCE—BURDEN OF PROOF.
    The burden is on the plaintiff to show an omission of duty on defendant's part in not making rules which would have given employés more effective notice of danger than plaintiff received at the time of the accident.

Appeal from trial term, Dutchess county.

Action by James E. Corcoran against the New York, New Haven & Hartford Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Walter C. Anthony, for appellant.
Russel Headley, for respondent.

WOODWARD, J.  On a former appeal in this case, the judgment was reversed because the fault of the defendant, if any, arose from its failure to promulgate proper rules for the management and conduct of the movement of cars, its failure to direct that proper warning be given, and that "there is not a particle of evidence disclosed that the defendant was wanting on its part in the respects indicated, and on the record before us the negligence, if such there was, was solely that of fellow servants." Corcoran v. Railroad Co., 46 App. Div. 201, 61 N. Y. Supp. 672.  On the last trial the evidence of the plaintiff, who, as a section hand, was run over and injured by cars which were being "kicked" about the railroad yards of Fishkill Landing in making up trains and in receiving and transporting freight, was directed towards meeting the defect of proof pointed out on the former appeal.  Certain printed rules of the defendant were introduced in evidence, but none of them, in force at the time of the accident complained of, bore very directly upon the conduct of section hands, and plaintiff's own witness testified that it was impracticable,

by any system of whistling or bell ringing, to give warning to peo-
ple employed in the yards which would not result in greater con-
fusion and danger than were to be anticipated from the method
commonly in use in railroad yards of placing a man on the cars
which were being "kicked," to control their movements by the use
of the brakes and to give warning to those in danger. The motions
of the defendant at the close of plaintiff's case, as well as at the
end of the testimony, were denied, and exceptions taken, and de-
fendant excepted to the refusal of the court to charge the jury as
follows:

"That .the jury are not authorized to find a rule necessary or proper for
the management of the yard in question, unless the proof shows that such
rule was in force on some other road, or unless the proof shows that it was
practicable and reasonable to provide against such an accident by a rule,
or unless the propriety and necessity of that particular rule were so obvious
as to make it a question of common experience and knowledge."

We are of opinion that the defendant was entitled to this direc-
tion, assuming that there was any question to go to the jury. It
is not for a jury to say, after an accident has happened, that the
defendant ought to have made and promulgated rules reasonable and
practicable for the government of its employés which would have
given this man "more effective notice of danger than that which he
received at the hands of the brakeman and others in the yard upon
that occasion," as suggested by the learned court in charging the
jury, but whether the defendant has exercised that reasonable de-
gree of care which the law demands, and this is to be determined
by proof that some particular rule or rules, which common experi-
ence and a knowledge of the dangers of the situation ought to sug-
gest, if adopted and in force, would have obviated the danger. Mor-
gan v. Iron Co., 133 N. Y. 666, 670, 31 N. E. 234. The burden of show-
ing an omission of duty in this respect was upon the plaintiff, and, in
the absence of any evidence to the contrary, the presumption is that
proper regulations for the management of the yards had been estab-
lished. Potter v. Railroad Co., 136 N. Y. 77, 81, 32 N. E. 603. It
does not appear that any accident had ever before occurred from
"kicking" cars in the manner described in the record, and it was
in evidence that this was the common practice in the operation of
railroads throughout the country. The defendant was only bound
to use ordinary care in formulating rules, and it is not reasonable
to proceed upon the assumption that every injury to an employé can
be guarded against and prevented by making such rules. It is the
duty of the defendant to anticipate and guard against, by rules or
otherwise, only such accidents and casualties as might reasonably
be foreseen by the managers of the corporation, exercising ordinary
prudence and care. The question here is whether, by the exercise of
such prudence and foresight, they could have adopted any precautions
against injury to the employés than such as they did, or whether
there were still others that would suggest themselves to men of ordi-
nary intelligence and vigilance. Berrigan v. Railroad Co., 131 N.
Y. 582, 584, 30 N. E. 57. The plaintiff suggests no practicable rule.
There is no evidence that rules for such a case had ever been promul-

gated by any other railroad company, or that it was reasonable or practicable to provide against the occurrence of such an accident by a rule. Under such circumstances, the court in the last case above cited declares that:

"In the absence of some proof on the part of the plaintiff that such a rule was in operation by other roads, or of persons possessing peculiar skill and experience in the management and operation of railroads to the effect that such a rule was necessary or practicable under the circumstances, or unless the necessity and propriety of making and promulgating such a rule was so obvious as to make the question one of common experience and knowledge, the court is not warranted in submitting such a question to the jury."

If the defendant's employés were known to be doing their work in a reckless and dangerous manner, as in the case of Doing v. Railroad Co., 151 N. Y. 579, 45 N. E. 1028, it would have been the duty of the master to have changed the manner of operation by some regulation or rule; but the evidence is undisputed in the case at bar that the defendant was carrying on the work of switching cars in the manner common to railroads generally, and no rule is suggested which would have been practical or equally efficacious with the method which was pursued by the defendant in having a man upon the cars which were being "kicked" for the purpose of giving warning of the danger to co-laborers in the yard. It seems clear that there was no case presented for the jury; certainly, it was not for that body to say, in the absence of evidence showing the necessity of some particular rule, that the defendant had been negligent in the discharge of the duty it owed to this plaintiff.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.