"Mr. Grass:  They cut him off.
"The Court:  I will charge as you request and give the defendant the exception."

We think the jury might well have received the impression from this charge that the defendant had no right to amend its constitution and by-laws, so as to cut off the plaintiff from receiving any further sick benefits for the sickness which he was then undergoing. That depended upon the question as to whether the amendment was reasonable.  If it was, the defendant had the right to amend its constitution and by-laws as it did.  If it was not a reasonable amendment, then it did not have such right.  But, as the charge was finally left, the jury may well have understood that the defendant had no such right, in any event.

For this error, the judgment should be reversed, and a new trial granted.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.  All concur, except McLENNAN, P. J., who dissents upon the ground that plaintiff's rights became fixed upon his becoming sick, and so could not be affected by amendment.

---

GLYNN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.   March 11, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—EMPLOYER'S LIABILITY ACT —NOTICE TO EMPLOYER.

Under the employer's liability act, which provides that no action for injury shall be maintained under the act unless, within 120 days of the accident, notice is given to the employer of the "time, place and cause of the injury," the requirement to give the cause is not satisfied by a pleader's conclusions, but the facts must be stated, sufficiently, at least, to point out to the employer what constituted the cause of the injury; and a notice alleging that the cause of the injury "was your negligence and that of your superintendents and agents and the negligent and defective erection and maintenance of the ways, works, and machinery used in the work in which plaintiff was engaged," is fatally defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 806.]

2. APPEAL—REVIEW—THEORY OF CASE.

In an action under the employer's liability act, where the notice to the employer, required by the act as a condition precedent to an action, was insufficient, the case was tried and submitted to the jury solely upon the theory that the employer was liable under the act.  A verdict was rendered for plaintiff, but was set aside because of the insufficiency of the notice. Held, that the order should not be reversed because facts were established from which the jury might have found for plaintiff at common law; plaintiff having had the benefit of all the evidence tending in any manner to establish the cause of action under the statute, as well as at common law, and it being impossible to determine what evidence was considered by the jury in reaching its verdict.

Appeal from Special Term.

Action by Jeremiah Glynn against the New York Central & Hudson River Railroad Company.  From an order setting aside a verdict for plaintiff, he appeals.  Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

J. Arthur Hilton, for appellant.
Robert Wilkinson, for respondent.

WOODWARD, J. The plaintiff brings this action under the provisions of the employer's liability act to recover for personal injuries alleged to have been sustained through the negligence of the defendant, as fixed by the act. Upon the trial the plaintiff introduced in evidence the copy of a notice served upon the defendant, to which the latter took exceptions, on the ground that it did not comply with the requirements of the statute. The objection was overruled, and the case was submitted to the jury upon the theory that a liability had been established under the statute; the jury finding in favor of the plaintiff in the sum of $5,000.

Upon a motion to set aside the verdict the learned court below granted the motion, and in an opinion handed down indicates that the decision rests upon the insufficiency of the notice served upon the defendant, and upon this appeal this is the only question necessary to be considered. The notice as served is, in its material parts, as follows:

"Please take notice that Jeremiah Glynn has a claim against you for money damages for personal injuries sustained by him on or about December 29, 1905, while in your employ at the Astor Docks, borough of Bronx, city of New York; that the cause of the injuries which are the basis of the claim herein was your negligence and that of your superintendents and agents, and the negligent and defective erection and maintenance of the ways, works, and machinery used in the work on which plaintiff was engaged."

The employer's liability act, which enlarges the obligations of the employer to his employés, imposes a condition precedent to the maintenance of an action. It requires that the claimant shall, within 120 days of the happening of the accident, serve a notice upon the employer, which notice shall contain the "time, place and cause of the injury"; and the decisions in this state in the appellate courts have uniformly held that the requirement that the cause should be given was not satisfied by the pleader's conclusions. The facts constituting the cause must be stated, not, perhaps, with the detail and accuracy of a pleading or a bill of particulars, but in such a manner as to point out to the employer the facts producing the injury. For instance, if the accident was caused by reason of the negligence of the superintendent, or person occupying that relation, the facts constituting the negligence should be stated, while if the accident was due to "any defect in the ways, works, or machinery," the particular defect should be pointed out. The statute makes provisions for overcoming mere inaccuracies in statements of facts, where the rights of the other party have not been infringed; but there is no suggestion that the plaintiff may be relieved from a plain statement of the cause of his injuries. The act gives the employé a higher right than he had under the common law; but it attaches as a condition that the employé who is injured must give notice of the time, place, and cause of the injury, and a notice which fails to state the facts in connection with the injury is fatally

defective. Ortolano v. Degnon Contracting Co., 120 App. Div. 59, 61, 104 N. Y. Supp. 1064, and authorities there cited.

It is suggested, however, that the plaintiff established facts from which the jury might have found a verdict for the plaintiff at common law, and that the order setting aside the verdict should be reversed on this account. It is a sufficient answer that the case was not tried upon this theory. It was tried upon the theory that it rested upon the employer's liability act, and it was submitted to the jury upon this theory. The plaintiff introduced the notice upon this theory, and he had the benefit upon the trial of all of the evidence tending in any manner to establish the cause of action under the statute, as well as at common law, and it is impossible to determine what evidence was considered by the jury in reaching its verdict. The notice as served was insufficient to meet the requirements of the statute. The notice and the evidence in support of the cause of action are in the case, and a verdict based upon these facts cannot stand as a matter of law.

The order appealed from should be affirmed.

Order affirmed, with costs. All concur.