PALMIERI v. S. PEARSON & SON, Inc.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

1. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—ACTIONS—NOTICE OF INJURY.

A notice of injury to an employé, averring that the employer was negligent in failing to furnish a safe place in which to work and a competent foreman, and in failing to comply with Laws 1902, p. 1748, c. 600, is insufficient, within the act providing for such notice as will acquaint the employer of the negligent act relied on.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. APPEAL AND ERROR (§ 889*)—PLEADINGS—AMENDMENTS.

Where, in an action for injuries to an employé, the complaint in paragraph 9 alleged the giving of the required notice, and defendant answered each paragraph of the complaint except the ninth, and in paragraph 7 of the answer it denied the allegations contained in paragraph 8 of the complaint, and in paragraph 8 of the answer defendant denied any information sufficient to form a belief as to the allegations "in the eighth paragraph of the complaint," and the point whether paragraph 9 of the complaint had been answered was not raised, but plaintiff read the notice of injury in evidence, the court on appeal will regard the answer as having been amended, so as to contain an answer to paragraph 9 of the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3617–3619; Dec. Dig. § 889.*]

3. MASTER AND SERVANT (§ 252*)—INJURY TO SERVANT—ACTIONS—NOTICE—DEFECTS—EVIDENCE.

Where the evidence was insufficient to show that an employer had knowledge of the particulars of an accident to an employé, defects in the notice of the injury to the employé required by Employer's Liability Act (Laws 1902, p. 1748, c. 600), in failing to point out the particular omissions complained of were not cured, though it be conceded that such defects may be cured by evidence that the employer had knowledge of the particulars of the accident.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 252.*]

4. MASTER AND SERVANT (§ 141*)—NEGLIGENCE—FAILURE TO ESTABLISH RULES.

Where, in an action for injuries to an employé, the evidence showed that the employé and co-employés were pushing a work car, and that a steam crane 15 or 20 feet behind the car moved forward, injuring the employé, and that the employer had a regular signalman to give signals for the crane to come forward, and there was nothing to show what additional rule should have been promulgated, the failure of the employer to promulgate rules for the protection of the employé was not actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 283; Dec. Dig. § 141.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. MASTER AND SERVANT (§ 141\*)—FAILURE TO MAKE RULES—EFFECT.**

The failure of an employer to make rules for the protection of an employé is no proof of negligence, unless it appears from the nature of the business in which the employé is engaged that the employer in the exercise of reasonable care should have anticipated the necessity of such precautions.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 283; Dec. Dig. § 141.\*]

**6. MASTER AND SERVANT (§ 190\*)—FELLOW SERVANTS—WHO ARE.**

A foreman, giving a signal for a steam crane to move forward, is a fellow servant of an employé pushing a work car, precluding a recovery at common law for injuries received by the employé in consequence of the crane moving forward.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 469; Dec. Dig. § 190.\*]

Appeal from Trial Term, Queens County.

Action by Alfred Palmieri against S. Pearson & Son, Incorporated. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before WOODWARD, HOOKER, JENKS, GAYNOR, and RICH, JJ.

Martin T. Manton, for appellant.

Hugh A. Bayne, for respondent.

JENKS, J.. The action is by servant against master for negligence causing personal injuries. At the close of the case the trial court dismissed the plaintiff on the ground that the notice required under the employer's liability act was insufficient, in that it omitted to give the cause of the injury. The notice read:

"You will please take notice that on or about the 28th day of September, 1905, I was in the employ of your company, and on said day, while in your employ, I met with injuries which were inflicted through the carelessness and negligence of your company at your place of business at Long Island City, state of New York, on said day, because of your carelessness and negligence in failing to supply me with a safe place in which to work and by reason of the defective condition of the ways, works, and machinery connected with and used in your business, and the incompetency of your foreman or superintendent in charge of your said place of business at Long Island City, and because of the carelessness and negligence of inefficient and incompetent employés, and because of your failure to comply with chapter 600 of the Laws of 1902."

Certain requirements of the notice are to the end that the employer is pointed to the specific act or omission charged against him, that he may look into it and adjust the claim or resist it as may seem advisable. This provision is just to the master, in view of the extension of his liability by the statute beyond the common law. Glynn v. N. Y. Cent. & H. R. R. R. Co., 125 App. Div. 186, 109 N. Y. Supp. 103; Kennedy v. N. Y. Tel. Co., 125 App. Div. 846, 110 N. Y. Supp. 887; Bovi v. Hess, 123 App. Div. 389, 107 N. Y. Supp. 1001; Finnigan v. N. Y. Cont. Co., 122 App. Div. 712, 107 N. Y. Supp. 855; Barry v. Derby Desk Co., 121 App. Div. 811, 106 N. Y. Supp. 575. The notice in question but apprises the master that the plaintiff has a cause of ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion for his neglect of obligations which are described in such general terms as to afford no clew whatever to the particular act or omission.

But the plaintiff contends that the defendant could not raise the question of the sufficiency of the notice, for the reason that the plaintiff's plea that he had duly served a notice, stating the time, place, and cause of the injury, was not denied. This plea was contained in a paragraph of the complaint numbered 9. The defendant made answer to each paragraph of the complaint in terms save the ninth. But it is plain that the defendant intended to deny the allegations of that paragraph. For the seventh paragraph of the answer reads:

"Seventh. It denies the allegations contained in the eighth paragraph of the complaint."

And the eighth paragraph reads:

"Eighth. It denies that it has any knowledge or information sufficient to form a belief as to the allegations contained in the eighth [sic] paragraph of the complaint."

It is not to be presumed that the pleader intended to make, in the same breath and in inconsistent form, two denials of the eighth paragraph, but rather that by a mere lapse the word "eighth" was repeated when "ninth" was intended, possibly because that paragraph of the answer was numbered eighth. It does not appear that this point was ever raised or suggested at trial, but, on the other hand, that the plaintiff opened his case by reading the notice in evidence. Had the point been raised, the trial court should undoubtedly have permitted an amendment, and I think that we may regard it as having been made. Fallon v. Lawler, 102 N. Y. 228, 6 N. E. 392. See, too, sections 723, and 721, subd. 5, Code Civ. Proc.

The appellant further contends that, even if the notice were faulty, yet as knowledge of the casualty was obtained by the defendant from other sources, the defendant cannot object to the notice. I am not clear that proof that the master, aside from the statutory notice, acquired such knowledge of the time, place, and cause of the casualty as must be stated in such a notice, would cure a defective notice. In Shea v. Lowell, 132 Mass. 189, Morton, C. J., for the court, says:

"It would violate the provisions and defeat the purposes of the statute if the plaintiff were permitted to supply the deficiencies of the written notice by proof that the city or its officers had oral information from her, or from any other source, of the time, place, and cause of her injury, and the court rightly rejected the evidence offered by her for this purpose. The notice cannot be partly written and partly oral. It must be wholly in writing, and its sufficiency is to be determined by the court. The court, therefore, rightly refused to give the first, second, and fourth instructions requested by the plaintiff."

If the contrary were true, then the question would be shifted from whether the employé had complied with a statutory prerequisite to whether the employer had knowledge from outside sources of the particulars of the casualty. It seems to me that the employer has the right to rely upon compliance with the statute absolutely, rather than compliance with the statute, provided he also be ignorant of the time, place, and cause of the injury. See, too, Bovi v. Hess, 123 App. Div. 394, 107 N. Y. Supp. 1005.

It is true that in Heffron v. Lackawanna Steel Co., 121 App. Div. 35, 105 N. Y. Supp. 429, the learned court, assuming that this question was properly raised, decided that the exact knowledge of the particulars obtained elsewhere could eke out the notice. But, if the learned court was right in that case in the enunciation of the principle, it cannot obtain in this case, as the proof was wholly insufficient to establish knowledge of the particulars of the accident by the master. For all of the evidence upon this subject is as follows: One of the witnesses testified that after the accident he put the plaintiff on his back, carried him upstairs where the doctor was, together with the foreman of the gang, and that several other people came; that the doctor wanted to know the plaintiff's name and where he lived, and "they" asked the witness where he lived and how the accident happened. Something was written down and a paper was signed. The signalman testifies that it was not necessary to report the accident, because his "superior officers" ran there and took the man's name. But he did not know whether they took any statements. "They" did not ask him. "They" said something to the engineer. "They" asked the witness how it happened, and he said he did not know.

Even conceding that we can examine the case in the aspect of the common law, which is open to question upon this record (see Glynn, v. N. Y. Cent. & H. R. R. R. Co., 125 App. Div. 188, 109 N. Y. Supp. 103), I think that the plaintiff failed to establish a cause of action under it. It is contended that the defendant was at fault for not keeping in force sufficient rules for the protection of the plaintiff. The version of the plaintiff is that he, with other laborers, was pushing a work car upon a track in the defendant's yard. His fellow workers pushed from the side of the car, and the plaintiff from its left-hand back corner. A crane driven by steam, which had been 15 or 20 feet behind the car, moved forward, and its broad-guage wheel, that extends over the track, ran over the plaintiff's foot. But it appears in the plaintiff's case that the defendant had a regular signalman to give signals for the machine to come forward, and it is not suggested in the evidence what other or additional rule should have been made and promulgated. The failure to make rules is no proof of negligence, "unless it appears from the nature of the business in which the servant is engaged that the master, in the exercise of reasonable care, should have foreseen and anticipated the necessity of such precautions." Morgan v. Hudson River Ore & Iron Co., 133 N. Y. 666, 31 N. E. 234. The theory of the plaintiff is that Cahill, a foreman of his gang, gave the signal for the crane to move onward. Even upon this theory, in the common-law aspect of the case, the act was that of a fellow servant. Corcoran v. D., L. & W. R. R. Co., 126 N. Y. 673, 27 N. E. 1022; Wooden v. Western N. Y. & Pa. R. R. Co., 147 N. Y. 508, 42 N. E. 199; Ryan v. Third Ave. R. R. Co., 92 App. Div. 306, 86 N. Y. Supp. 1070.

The judgment should be affirmed, with costs. All concur.