him, and the failure to pay upon the day cannot be attributed to surprise or mistake within the meaning of equity. The Special Term has found on sufficient evidence that the defendant did not agree to extend the time of such payment, nor waive punctual payment of said installment of rent, nor did he do any act calculated or designed to mislead the plaintiff, or from which the plaintiff was entitled to infer that punctual payment of said rent would not be insisted on as a condition precedent to a renewal of the lease. A forfeiture implies the loss of that which one has, and there was nothing forfeited. The lease had expired. It was a clear condition precedent which was not performed, and equity will not interfere any more than law. "There is no ground upon which a court of equity should intervene to relieve the lessee from the consequences of a failure or right to perform." People's Bank v. Mitchell, supra; Haines v. Barber, 113 App. Div. 696, 100 N. Y. Supp. 75.

The judgment appealed from should therefore be affirmed, with costs and disbursements to the respondent.

---

MATTSON v. PHŒNIX CONST. CO.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

MASTER AND SERVANT (§ 190*)—INJURIES TO SERVANT—NEGLIGENCE OF SUPERINTENDENT.

> Where defendant provided sufficient materials for bracing a casting if the employés deemed such bracing necessary, and, though the work had progressed for some time, the employés had been able to maintain the casting in an upright position without braces, that defendant's superintendent failed to have the casting braced did not show negligence rendering defendant liable for injuries to a servant through the falling of the casting.

> [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 190.*]

> Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by Selma Mattson, as administratrix, against the Phœnix Construction Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAH, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Frank V. Johnson, for appellant.
H. H. Van Dyck, for respondent.

McLAUGHLIN, J. The plaintiff's intestate, while in the employ of the defendant, was killed by an iron casting some 57 inches high, 40 inches in width at the base, and 5½ inches thick, weighing some 1,300 pounds, falling upon him. It was designed to be placed vertically across a pit 30 inches in width and 3 feet deep and embedded in cement. Immediately preceding the accident, the casting had been raised by the intestate and other workmen from a horizontal position

---

on the ground to a perpendicular position and placed over the pit, which extended on each side some 20 inches. This was approximately the position ultimately intended for the casting before it was embedded in the cement; but, in order to get it into its true position, it had to be moved slightly both laterally and vertically. While it was being thus moved "by means of crowbars and shims," it fell over, struck the intestate on the head, and inflicted injuries from which he died shortly thereafter. Plaintiff sought to sustain the action to recover damages for the death upon the ground that the defendant was responsible therefor under the employer's liability act (chapter 600, p. 1748, Laws 1902), in that such death was caused by or resulted from the negligence of the defendant's superintendent. At the trial no evidence was offered on the part of the defendant. Plaintiff had a verdict, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

I am of the opinion the judgment should be reversed: (1) Because the court erred in receiving in evidence what purported to be a notice under the employer's liability act; and (2) because the evidence did not justify a finding that the death of the intestate was caused by the negligence of the defendant or its superintendent.

To bring a case within the statute, a notice must be served within the time provided, stating the time, place, and cause of the injury. Such notice is a condition precedent to the maintenance of the action. Chisholm v. Manhattan Ry. Co., 116 App. Div. 320, 101 N. Y. Supp. 622. The purpose of the notice is to acquaint the employer with the negligent act for which it is proposed to hold him liable (Galino v. Fleischmann Realty & Construction Co., 130 App. Div. 605, 115 N. Y. Supp. 334), and, where the liability is to be predicated upon the negligence of a superintendent or a person occupying that relation, then the negligent act of such person must be stated (Glynn y. N. Y. C. & H. R. R. Co., 125 App. Div. 186, 109 N. Y. Supp. 103). In either case:

"The notice in stating the cause of the injury should with reasonable definiteness and completeness * * * indicate the negligent or wrongful misconduct of the employer really claimed to have been the cause of the accident and really relied on as the basis of the complaint against him." Finnigan v. N. Y. Contracting Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233.

The only statement in the notice here under consideration as to the cause of the accident is that the same was "caused by reason of defects in the condition of the ways, works, and machinery connected with and used in your business, and by your negligence, and by the negligence of a person or persons in your service intrusted with and exercising superintendence or acting as superintendent with your authority or consent, whereby a heavy casting was caused to fall upon the said Mattson."

What was the negligent act relied on? What caused the casting to fall? No one reading the notice can tell. These questions are not answered by saying that if the casting had been properly supported it would not have fallen. That would be true if the doctrine of res ipsa loquitur applied; but, as I understand, we are all agreed that

such doctrine does not apply to an accident of this character. The defendant was entitled to be informed, to the end that it might at once, upon receipt of the notice, make an investigation, and, if the facts stated in the notice in this respect were found to be true, compromise with the plaintiff.

· The precise question in this respect was considered and determined by this court in Bertolami v. United Engineering & Contracting Co., 132 App. Div. 804, 117 N. Y. Supp. 826. In that case the notice was that the death of the intestate was caused by the negligence of the defendant, in that it had "failed to furnish him with a reasonably safe place to work, and failed to reasonably safeguard, inspect, and keep safe the place, appliances, and apparatus used in connection with said contracting operation, and failed to ·furnish deceased and said contracting operation with reasonably safe appliances, apparatus, cables, ropes, wires, buckets, ways, works, and machinery with which to do said work, and knowingly employed and retained incompetent foremen and co-workmen to guide, direct, and assist him in the performance of his work, and failed to formulate, promulgate, and enforce proper rules and regulations for the safety of deceased and his said co-employés, as a result of all of which large quantities of rock and earth and a bucket were caused to fall upon the body of the said George Bertolami and· injure and kill him, as aforesaid." It was held that the notice was defective in that it failed to state the specific negligent act of the superintendent relied upon.

The notice here under consideration is no more specific than the one there was, and for that reason the court should have sustained the objection made by the defendant to its reception in evidence. But, if it be assumed that the notice was sufficient under the statute, then I am of the opinion the evidence failed to disclose any negligence on the part of the superintendent, or the person acting as such, which resulted in the accident. All that is claimed is that the superintendent should have seen to it that the casting was supported or braced in some way, but whether this was so or not was a matter of judgment on his part. The defendant had provided sufficient materials for bracing if the workmen employed deemed such braces or supports, necessary. There was plenty of lumber to be had, and·the work had been progressing for some time, during which the workmen in attendance had been able to maintain the casting in its upright position without any braces, and the record is absolutely barren of anything to indicate, until it fell, that braces were necessary.

An award of damages must be based upon evidence, and not upon mere conjecture.

This verdict has only the latter to sustain it, and for that reason the judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event.

LAUGHLIN, J., concurs. INGRAHAM and SCOTT, JJ., concur on second ground. HOUGHTON, J., dissents.

LAUGHLIN, J. (concurring). I agree with Mr. Justice Mc-LAUGHLIN that the notice was insufficient to warrant a recovery un-

der the employer's liability act. On the facts developed upon the trial, the only theory upon which the defendant could be held liable would be that its superintendent was guilty of negligence with respect to directing or overseeing the work of putting the casting in place. Of course, if the "cause" required to be stated in such a notice is the immediate or physical cause of the injuries, then the notice would be sufficient, and the statement therein with respect to the negligence of the defendant and of its superintendent would not be required and might be deemed surplusage. The Legislature has only required that one cause shall be stated, and the question is: What is the cause which is required to be stated? I am of opinion that it is the negligent cause and not the physical cause of the injury. If this be not so, then a notice that at a particular place and on a particular day and at a particular hour an employé, while working at his bench, was injured by the fall of a timber or beam upon him, would answer the requirements of the statute. That would in no manner point out to the employer the ground upon which it was claimed that he was at fault, and, according to the decision of this court in Ortolano v. Degnon Contracting Company, 120 App. Div. 59, 104 N. Y. Supp. 1064, and of the Court of Appeals in Finnigan v. N. Y. Contracting Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233, this is required.

It is not sufficient to state generally as the cause that the defendant was negligent, or that its superintendent was negligent; but the particular negligence must, I think, be pointed out briefly and in general terms, and then, if it appears upon the trial that there was a mistake inadvertently made in the notice which did not mislead the employer, the notice will still be good, by virtue of the express terms of the statute. Employer's Liability Act, section 2 (Laws 1902, p. 1749, c. 600); Finnigan v. N. Y. Contracting Co., supra. It is significant, I think, as bearing on the construction of the statute, that the nature or extent of the injuries is not required to be stated. The Legislature appears to have assumed that, if the time and place are given, the master is then in a position to ascertain whether the accident occurred, and the determination of that question would in most, if not in all, instances, reveal the instrumentality by which the injuries were inflicted, but would not necessarily disclose the actionable cause which it was intended should be stated in the notice.