SULLIVAN v. SCHWEINLER.

(Supreme Court, Appellate Division, Second Department. January 20, 1911.)

1. MASTER AND SERVANT (§§ 285, 286, 288, 289*)—DAMAGES (208*)—NEGLIGENCE TOWARD EMPLOYÉ—DANGEROUS MACHINERY—JURY QUESTIONS.

Where an employé suing for personal injury relied on her employer's failure to guard a rod within Labor Law, § 81, as amended by Laws 1909, c. 299 (Consol. Laws, c. 31), which requires machinery to be properly guarded, the court should have submitted the questions whether it was practicable to guard the rod, whether the employer in using reasonable prudence should have expected that the rod unguarded would expose the employé to unnecessary danger, and whether the injury resulted from the lack of a practicable guard in addition to the questions whether the plaintiff's negligence contributed to the injury, whether she assumed the risk of danger, and what constituted fair compensation for her injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010, 1051, 1068, 1089; Dec. Dig. §§ 285, 286, 288, 289;* Damages, Cent. Dig. §§ 533, 534; Dec. Dig. § 208.*]

2. MASTER AND SERVANT (§ 252*)—INJURY TO EMPLOYÉ—NOTICE—NECESSITY.

An employé suing for personal injury cannot invoke the employer's liability act (Consol. Laws, c. 31, §§ 200–204), where no sufficient notice of the injury has been given.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 252.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Nellie Sullivan by Julia Ryan, her guardian ad litem, against Charles Schweinler, doing business as the Charles Schweinler

Press. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

William Butler, for appellant.

Eugene I. Yuells, for respondent.

THOMAS, J. The complaint charges that the defendant was negligent in furnishing "unsafe, defective, insecure, and unprotected machinery, attachments, and appliances," and particularly that the machine by which plaintiff was injured was not guarded in compliance with the labor law. The evidence tends to show no breach of duty by the master, unless it be in the failure to guard the rod which caught plaintiff's hair, and the charge of the court should have related only to that. The labor law (Laws 1909, c. 299, § 81) provides:

"All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery, of every description, shall be properly guarded."

The court should have submitted to the jury these questions: (1) Was it practicable to guard the rod? (2) Should the defendant in the exercise of reasonable prudence have expected that the rod, unguarded, would expose the plaintiff to unnecessary danger in the performance of her duties? (3) Did the injury result from negligent failure to apply a practicable guard to the rod that would to a reasonable degree reduce an unnecessary exposure of the plaintiff in the due execution of her task? (4) Did the plaintiff by her own negligence contribute to her injury? (5) Did the plaintiff assume the risk of a danger obvious or ascertainable by her in the exercise of ordinary care on her part? (6) If all the questions be found in favor of the plaintiff, what is a fair compensation for her injury?

The charge in regard to the defendant's alleged breach of duty did not conform to the law, which is stated in Wynkoop v. Ludlow Valve Mfg. Co., 196 N. Y. 324, 89 N. E. 827. For such error a new trial must be had, and it is unnecessary to review the facts. The employer's liability act cannot be invoked by the plaintiff on account of the insufficiency of the notice. Glynn v. N. Y. C. & H. R. R. R. Co., 125 App. Div. 186, 109 N. Y. Supp. 103; Galino v. Fleischmann Realty & Construction Co., 130 App. Div. 605, 115 N. Y. Supp. 334; Mattson v. Phœnix Construction Co., 135 App. Div. 234, 120 N. Y. Supp. 566; Logerto v. Central Building Co., 198 N. Y. 390, 91 N. E. 782.

The judgment should be reversed and a new trial ordered, costs to abide the event. All concur.