(164 App. Div. 490)

LA MARCA v. ATLANTIC STEVEDORING CO. et al.    (No. 6135.)

(Supreme Court, Appellate Division, First·Department.    December 4, 1914.)

MASTER AND SERVANT (§ 96*)—INJURY TO SERVANT—CHANGE OF CONDITIONS.
    While stevedores were temporarily away from the lighter out of which they were discharging heavy crates, the captain of the lighter moved a couple of them so that they became liable to fall over. On return of the stevedores their foreman gave a cursory glance at the crates, but took no steps to remedy the danger. Held, that the employer of the stevedores was not liable to one of them, on whom a crate fell over, the place having been safe when work was started, and a master not being liable where the place of work is made temporarily unsafe in the progress of the work by the act of coservants or of persons for whose acts the master is not responsible.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 157, 158, 162; Dec. Dig. § 96.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by John La Marca against the Atlantic Stevedoring Company and another. From a judgment against the named defendant, and an order denying a new trial, such defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John Vernou Bouvier, Jr., of New York City (W. Montague Geer, Jr., of New York City, on the brief), for appellant.

Gustavus A. Rogers, of New York City, for respondent.

SCOTT, J. The action is for damages for injuries received by plaintiff while working in appellant's employ as stevedore; the fault attributed to appellant being that it failed to furnish its servant with a safe place to work. At the time of the accident plaintiff was one of a gang engaged in loading corrugated steel plates from a lighter into a ship. These plates were packed in crates weighing about 500 pounds each and measuring 6 feet by 2½ or 3 feet and having a thickness of 6 inches. They stood on end in double rows, one on top of the other. The first thing the men did was to take out some of the crates in the middle, so as to make a place to work in, called in the case a gangway. Then the crates on either side of this gangway, fore and aft from it, were slightly slanted, apparently to avoid the danger that some of the crates might fall over upon the workmen. After the men had worked for an hour or two, a shower of rain came up, during which the men desisted from work and left the lighter. While the men were away, some one, identified by some of the witnesses as the captain of the lighter, a person not in the employ of appellant, is said to have up-ended two of the crates, so that they stood up perpendicularly, and they were in this condition when the men resumed work. After they had been at work a little while a crate fell down, striking plaintiff and injuring him. As the men resumed work, one Collis or Kelly, a foreman employed by appellant, who stood on the deck of the ship some distance above the lighter, looked down and observed the perpendicular crates. He apparently failed to recognize that they presented any danger, and did nothing.

It is apparent that the appellant furnished, in the first instance, an entirely safe place for the men to work in, and it is equally clear that neither the appellant nor any one for whose action it was responsible did anything to render the place unsafe. So much is not questioned by plaintiff, but it is said that it was negligence for the foreman not to have realized that the shifting of the two crates to a perpendicular position made that unsafe which had theretofore been safe, and not to have taken some steps to obviate the newly created danger, and this negligence it is sought to impute to appellant, the employer.

This is an attempt to hold the employer to a much stricter measure of responsibility than the law will justify. Apart from the question whether the foreman can justly be charged with negligence, because, upon the cursory—almost momentary—glance he had of the changed conditions, he did not realize that a dangerous condition had arisen, it

is well established that, when a master has originally furnished a safe place to work, he is not liable if the place be temporarily made unsafe in the progress of the work by the act of coservants, or of persons for whose actions the employer is in nowise responsible.  Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021; Edgar v. Brooklyn Heights R. R. Co., 146 App. Div. 541, 131 N. Y. Supp. 286; Kearney v. Hanlien, 149 App. Div. 524, 134 N. Y. Supp. 9.  The master in such a case is not supposed to watch for supervening conditions in the progress of the work in which the workmen are engaged.  If his measure of duty has been performed by sending them off to work under right conditions, with an experienced foreman and competent workmen, nothing further was incumbent upon him.  Capasso v. Woolfolk, 163 N. Y. 472, 57 N. E. 760.  As was said by the Court of Appeals in Russell v. Lehigh Valley R. R. Co., 188 N. Y. 344, 81 N. E. 122, 19 L. R. A. (N. S.) 344:

"If the defendant set the men at work under a competent foreman and with suitable appliances, it had performed its duty towards them, and the execution of the details of the work could properly be intrusted to the judgment of the foreman.  For his negligence, or for his mistake in judgment, as to such, it could not be made liable for injurious results."

The responsibility of appellant in the case at bar is certainly no greater than it would have been if Collis, the foreman, had himself, in the course of the work, shifted the two crates to a perpendicular position, and it seems to be clear under the authorities that, if he had done so, no liability would have attached to appellant.

Furthermore, the verdict was directly contrary to the law of the case as propounded by the court.  The plaintiff's claim was that the crates had been shifted by the captain of the lighter, who was not the servant of appellant, but of the Baltimore & Ohio Railroad Company, a codefendant.  The court charged the jury that if the accident was caused by the negligent act of the captain of the lighter the railroad company was liable, but that if the captain had not interfered with the crates neither defendant was liable, yet the jury by their verdict exonerated the railroad company, thus finding in effect that its captain had not interfered with the cargo, and cast the appellant in damages, which could only have been done on the theory that the captain had so interfered.  Upon the whole case, the evidence failed to establish the appellant's liability, and the complaint should have been dismissed.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur.  LAUGHLIN, J., concurs on last ground.