MAGUIRE v. BARRETT.  (No. 7520.)

(Supreme Court, Appellate Division, First Department.  July 9, 1915.)

1. MASTER AND SERVANT ⬳107—INJURY TO SERVANT—NEGLIGENCE—EVI-
   DENCE.
      An express company maintained a safe platform for receiving and
   classifying freight for loading on cars.  A casting temporarily placed on
   the platform fell on an employé.  From 15,000 to 17,000 pieces of freight
   were handled each day on the platform.  Who delivered the casting on
   the platform, or how long it had been there before the accident, was not
   shown, except a witness testified that the casting was seen leaning
   against a pillar several minutes before the accident, and another wit-
   ness testified that some time prior to the accident he told the foreman in
   charge of the platform that the casting was in a dangerous position.
   *Held*, that the company was not liable for the accident, though it be as-
   sumed that the attention of the foreman was prior to the accident called
   to the dangerous position of the casting, and though it be assumed that
   the foreman considered the place safe, and so at most erred in judgment.
      [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–
   202, 212, 254, 255; Dec. Dig. ⬳107.]

2. MASTER AND SERVANT ⬳107—INJURY TO SERVANT—SAFE PLACE TO WORK.
      An employer, originally furnishing a reasonably safe place for his em-
   ployés to work, is not liable, where the place is temporarily made unsafe
   in the progress of the work by the act of a fellow servant, or some per-
   son for whose actions the employer is not responsible.
      [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–
   202, 212, 254, 255; Dec. Dig. ⬳107.]

Appeal from Trial Term, New York County.

Action by Joseph Maguire against William M. Barrett, as President
of the Adams Express Company.  From a judgment for plaintiff, de-
fendant appeals.  Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, DOWLING, and HOTCHKISS, JJ.

William D. Guthrie, of New York City, for appellant.
Robert J. Culhane, of New York City, for respondent.

McLAUGHLIN, J.  Action to recover damages for personal inju-
ries alleged to have been sustained by reason of defendant's negligence.
The jury rendered a verdict in favor of the plaintiff for a substantial
amount, and from the judgment entered thereon, and an order denying
a motion for a new trial, defendant appeals.

The accident occurred at the defendant's freight platform located
at Forty-Ninth street and Lexington avenue, in the city of New York.
The platform was for receiving, sorting, and classifying freight, to
the end that it might be loaded upon cars which ran out upon tracks
beneath the platform.  It was made of concrete and iron, something
like a foot and a half in thickness, and rested upon iron pillars of about
the same thickness.  It appeared that about 8 o'clock in the evening of
February 23, 1913, the plaintiff, a driver or helper on one of the de-
fendant's express wagons, had finished unloading his wagon and was
going to register his time, when an iron casting which had been stand-
ing or resting—just how long does not appear—against a pillar on

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the platform, fell upon his left foot, causing an injury which subsequently necessitated the amputation of the big toe.

It is not contended that the platform was not properly constructed or that there was anything in connection with it which fastened liability on the defendant. Nor could it well be, because the platform was built in a most substantial way. It was used both night and day, was well lighted, and during each day from 15,000 to 17,000 pieces of freight were handled. The casting in question was about 3 feet 6 inches long, 1 foot 6 inches wide, 6 inches thick, and weighed about 600 pounds. No evidence was offered as to who delivered the casting at the platform, placed it against the pillar, or how long it had been there when the plaintiff was injured, except the testimony of one witness that it was seen leaning against the pillar several minutes preceding the accident. The plaintiff testified that he did not see the casting before it fell, notwithstanding the fact that the uncontradicted evidence shows that the platform was well lighted and that he was in a position to see it if he looked in that direction.

[1] The evidence as to the fall of the casting tended to establish that it was due to one of two causes: (a) The vibration of the platform caused by the plaintiff's wagon being backed against it; or (b) the pushing of a basket against it by the plaintiff himself. As to the former contention, no proof was offered that the platform had ever vibrated before, and from the manner in which it was constructed it is obvious it would not vibrate from the cause suggested. One witness testified that some time prior to the accident he told the foreman in charge of the platform that the casting was resting in a dangerous position. This, however, was denied by the foreman. The case was submitted to the jury on the theory that the defendant might be held liable if the casting were so placed as to create an obvious danger, of which the foreman had knowledge, or in the exercise of reasonable care ought to have known. Exception was taken to this portion of the charge, and in that connection the court was requested to instruct the jury that there was no evidence that the defendant failed to furnish the plaintiff with a reasonably safe place to work, and that the doctrine of a safe place to work did not apply where, as here, the conditions were constantly changing. Such request was refused, and an exception taken. I think the jury should have been so instructed. The place furnished by defendant was the platform. So far as appears, it was a reasonably safe place, and there is nothing to show that the appellant, or any one for whose actions it was responsible, thereafter did anything to render it unsafe. If unsafe, it was not by reason of the platform, the place furnished by the defendant, but by reason of the freight placed thereon. As indicated, this freight was constantly changing from time to time. It was placed there temporarily for the sole purpose of being classified, to the end that it might be sent out on cars running on tracks beneath. It is perfectly obvious, considering the nature of the business, and the number of pieces of freight received and shipped, that the defendant could not, in the proper discharge of its duties, supervise the placing of each article, whether large or small. The law does not impose such responsibility upon a shipper.

[2] But, apart from the question of whether the foreman can justly be charged with negligence, it seems to be well settled that, when a master has originally furnished a reasonably safe place for his employés to work, he is not liable if the place be temporarily made unsafe in the progress of the work, by the act of a coservant or some person for whose actions he is not responsible. La Marca v. Atlantic Stevedoring Co., 164 App. Div. 490, 150 N. Y. Supp. 279, and authorities there cited. If it be assumed that the attention of the foreman was, prior to the accident, called to the dangerous position of the casting, this does not aid the plaintiff, because the foreman considered it safe, and at most it was an error of judgment upon his part, for which defendant is not responsible. In this respect the case is brought within the rule laid down in Mattson v. Phœnix Construction Co., 135 App. Div. 234, 120 N. Y. Supp. 566. There an iron casting was about to be vertically imbedded in cement across a pit 30 inches wide and 3 feet deep. While raised in a horizontal position and being moved by crowbars and shims, the casting fell over, struck the intestate on the head, and killed him. It was claimed that defendant's foreman was negligent in that he failed to take proper precautions against the falling of the casting, and upon that ground the defendant was held liable. On appeal, however, this court held that it was a matter of judgment on the part of the foreman as to whether or not the casting should have been braced, and, since there was no evidence until it fell that braces were necessary, the judgment was reversed.

In the case before us the defendant had a platform properly constructed for the business for which it was designed. Thousands of pieces of freight were received daily, and an accident of this kind had never before occurred. To hold that the defendant was liable because one piece was not properly placed, or was thereafter dislodged without in any other way connecting defendant with it, is going beyond any case of which I know. It is imposing a liability which, in fairness, ought not to be imposed upon defendant. To hold otherwise would, in effect, make it an insurer of injuries from causes similar to the one described.

The judgment and order appealed from are therefore reversed, and complaint dismissed, with costs. Order filed. All concur.