JOHN F. CLARK, Respondent, *v.* JOSEPH BROWN, Appellant.

Third Department, November 15, 1923.

Negligence — action to recover for injuries suffered when movable platform in barn, left unfastened, moved permitting plaintiff to fall through opening — platform was used as an elevator and was left unfastened by third persons short time before accident — instruction is erroneous that if platform at time of accident was not reasonably safe defendant is liable — not error for trial court to set aside verdict for defendant.

In an action to recover damages for injuries it appeared that plaintiff was employed in making alterations in a building that previously had been used as a livery stable; that in the floor of the second story there was an opening which was partially filled by the platform of an elevating apparatus; that when the elevator was not in use it was fastened and became a part of the second floor; that third persons used the elevator with the knowledge of the defendant a short time before the accident and left it at the second floor without fastening it; that the plaintiff stepped upon the elevator, which moved, and he fell through an opening to the floor below.

*Held*, that it was error for the court to instruct the jury that if they found that the place upon which the plaintiff stepped was not a reasonably safe place for him to be, then they should find a verdict for the plaintiff, since said charge was in effect a direction to the jury to find a verdict for the plaintiff on the ground that the defendant had failed to perform his duty of providing a safe place to work and did not permit the jury to take into consideration the effect of the acts of the third persons upon the liability of the defendant.

The trial court properly set aside a verdict in favor of the defendant.

HINMAN, J., dissents, with memorandum.

APPEAL by the defendant, Joseph Brown, from an order of the Supreme Court, made at the Washington Trial Term and entered in the office of the clerk of the county of Washington on the 1st day of February, 1923, granting the plaintiff's motion for a new trial made upon the minutes.

*Rogers & Sawyer* [*John E. Sawyer* of counsel], for the appellant.

*Sheridan P. Wait* [*Edgar T. Brackett* and *Sheridan P. Wait* of counsel], for the respondent.

H. T. KELLOGG, J.:

The plaintiff was injured by a fall in the course of his employment. His employer, the defendant, had failed to secure compensation for his injured employees, as required by the Workmen's Compensation Law. Consequently, the plaintiff, exercising the option made available by that law (§ 11), brought this action to recover damages for the injuries he received. The sole issue in the action was the negligence of the defendant. (Workmen's Compensation Law, § 11.) Upon this issue the jury returned a verdict in favor of the defendant. The verdict was set aside by the trial justice, and from the order setting it aside this appeal was taken.

The defendant, at the time the plaintiff was injured, had become the owner of a building previously used as a livery stable. He had not, as yet, put the building to any business use. He was engaged in making alterations therein in order to convert it into an automobile garage. For this purpose he had employed the plaintiff with other workmen. In the floor of the second story of the building there was an opening thirty feet long by fifteen feet wide. The platform of an elevating apparatus, thirteen feet long by five feet wide, ordinarily occupied a portion of the opening. This platform was suspended by a cable running over a block, attached to a rafter, to a windlass on the second floor, by which it was operated. It had been used only at intervals when it became necessary to lift carriages or other articles to the second floor for storage, or to remove them from storage. When the platform was hoisted it became a part of the floor of the second story, and was held in place, as a part thereof, by flat iron bolts attached to the platform which were shoved into sockets attached to the floor. When the bolts were withdrawn the platform would yield to slight pressure and swing outward and downward. The remainder of the large opening in the second floor was at all times uncovered to permit the pitching of hay from wagons placed underneath. On the day of the accident, and within two hours previously thereto, there came to the building two men, Boyce and Pelotte, to remove certain

articles stored on the second floor. These men were not employed by the defendant, but were the servants of a third person who owned the articles. With the knowledge of the defendant they used the elevating apparatus in their work. They made two trips therewith from the second to the first floor and return. When the first trip was completed the platform was made secure, so that it might be loaded, by shoving in the bolts. The evidence indicates that, when the second trip was completed, Pelotte, who was stationed on the second floor, failed to drive home the bolts and thus left the platform unfastened and in an insecure condition. The plaintiff, with the defendant, thereafter went to the second floor to get a plank required in his work. He walked with the plank to the platform intending to cross it and drop the plank through the opening. As he stepped upon the platform it swung outward leaving an opening through which the plaintiff fell to the first floor thereby breaking his left leg.

The trial justice charged the jury in part as follows: " If you find that this place upon which plaintiff stepped in carrying this plank was not a safe place for him to be, reasonably safe within the requirements of law, then you will give him a verdict for such a sum as he is entitled to." It is self-evident that, at the moment of the accident, the unbolted platform did not constitute a reasonably safe place upon which to step. Consequently, the trial justice, in effect, directed the jury to find a verdict for the plaintiff. The trial justice was asked to charge as follows: " We ask the court to charge that the defendant is not liable for the act of Pelotte in leaving this elevator unlocked and unfastened unless the jury find that said elevator remained in that condition for such a period of time that the defendant in the exercise of reasonable care should have discovered its condition." The trial justice declined so to charge. It was the law of the case, therefore, and the only law of which the jury could take cognizance, that the defendant had failed in his duty of providing a safe place to work, if the elevator platform, although originally safe in design and construction, in the course of its use temporarily became unsafe, whether through the act of Pelotte, a stranger to the defendant, in failing to bolt it, or otherwise, and that the defendant was in that event liable. We do not consider that a correct exposition of the law was made to the jury. (*Perry* v. *Rogers,* 157 N. Y. 251; *Bateman* v. *N. Y. C. & H. R. R. R. Co.,* 178 id. 84; *La Marca* v. *Atlantic Stevedoring Co.,* 164 App. Div. 490; *Maguire* v. *Barrett,* 168 id. 836.) It may be that the defendant, knowing that Boyce and Pelotte were operating the elevator, should have been apprehensive that they would leave it unbolted, and should have taken steps to make it secure, or

warned the plaintiff not to walk upon it. These questions, however, were not given to the jury to determine. On the contrary, they were instructed that the defendant was absolutely liable if at any moment of time the platform became unsafe to walk upon. In the face of these instructions the verdict of the jury was manifestly erroneous. It cannot be supported upon the theory that, if the questions suggested had been submitted, a determination in favor of the defendant would have been warranted, for the reason that the jury could not and did not determine questions not submitted.

The order should be affirmed.

VAN KIRK, HASBROUCK and McCANN, JJ., concur; HINMAN, J., dissents and votes for reversal on the ground (1) that the failure of the court to instruct the jury in a manner properly protecting the defendant's rights under the law was prejudicial only to the defendant; (2) that the trial court has set aside the verdict upon an erroneous theory of law, and (3) that the plaintiff acquiesced in the submission of the case to the jury upon a theory which was much more favorable to the plaintiff than he was entitled to and in spite of that fact the jury rendered a verdict for the defendant.

Order affirmed, with costs.